UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE: K & D INDUSTRIAL    Case No. 19-12959
SERVICES HOLDING CO., INC.,
                           Stephanie Dawkins Davis
    Debtor                 United States District Judge

OPERATING ENGINEERS' LOCAL
324 PENSION FUND,

    Appellant

vs.

K & D INDUSTRIAL SERVICES
HOLDING CO., INC.,

    Appellee.
_____ /

**OPINION AND ORDER GRANTING MOTION TO DISMISS (ECF No. 6)**

**I.    PROCEDURAL HISTORY AND FACTUAL BACKGROUND**

    Currently before the court are six pending motions to dismiss the appeals of Operating Engineers' Local 324 Pension Fund (Pension Fund), which appealed from the decisions of the bankruptcy court in E.D. Mich. B.R. Case No. 19-43823. The court is entering identical orders in all six appeals because the analysis and conclusions are the same.  Appellee K & D Industrial Services Holding Co., Inc., is the sole shareholder of K & D Industrial Services, Inc., K & D Industries, Inc., K & D Grand Rapids, Inc., K & D Industries of Ohio, Inc., K & D Industrial Services

1

Midwest, Inc., K & D Industries West, Inc. (K & D).  The Appellees are engaged in industrial and hazardous waste cleanup throughout the state of Michigan and parts of Ohio.  K & D Industrial Services, Inc. and K & D Industries West, Inc. are each signatories to a Collective Bargaining Agreement with the Operating Engineers' Local 324, pursuant to which both companies participate in the Local 324 Pension Fund.  On March 15, 2019, (the "Petition Date"), K & D Industrial Services Holding Co., Inc., and its subsidiaries filed voluntary cases under Chapter 11 of the Bankruptcy Code.

All six pending appeals involve the same issue.  In each of these appeals, the debtor, K & D, filed a motion in the bankruptcy court for entry of an order approving the sale of property outside the ordinary course of business, free from all liens and encumbrances.  The Pension Fund objected, and the bankruptcy court overruled the objections.  Only the identity of the particular property to be sold differs amongst the six cases.  The Pension Fund did not request a stay of the orders allowing the sales.  In Case Nos. 19-12952, 19-12957, and 19-12959, the sales closed on September 25, 2019.  In Case No. 19-12958, the sale closed on November 18, 2019.  In Case No. 19-13264, the sale closed on May 30, 2020.  And finally, in Case No. 19-13268, the sale closed on December 20, 2019.

Motions to dismiss in four related appeals involving similar issues were granted by Senior District Judge Avern Cohn.  *See* E.D. Mich. Case Nos. 19-

11547, 19-11548, 19-11629, 19-12433. In each of those cases, Judge Cohn concluded that the appeals were moot. *Id*. Those matters are currently pending on appeal before the Sixth Circuit Court of Appeals. *Id*.

II.    **ANALYSIS**

According to K & D, each of the appeals are moot pursuant to § 363(m) of the Bankruptcy Code, which provides:

> The reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.

11 U.S.C. § 363(m). While most circuits treat § 363(m) as a *per se* rule that automatically renders an appeal of a sale moot if the appellant has failed to obtain a stay of the order approving the sale, the Sixth Circuit has adopted the two-pronged approach of the Third and Tenth Circuits. *See Brown v. Ellman (In re: Brown)*, 851 F.3d 619 (6th Cir. 2017). Under this approach, the party asserting mootness must establish both (1) that the appellant failed to obtain a stay of the sale order and (2) that the reviewing court cannot grant "effective relief without impacting the validity of the sale." *Id*. at 622 (citing *Parker v. Goodman (In re Parker)*, 499 F.3d 616, 621 (6th Cir. 2007), and *In re: ICL Holding Co.*, 802 F.3d 547, 554 (3d Cir. 2015)). Under *Brown*, the exception to the application of mootness under

3

§ 363(m) arises only when the appellate court can grant effective relief without disrupting the sale. In *Brown*, the Debtor challenged a sale of her residence by the Chapter 7 Trustee. Brown sought authority from the Bankruptcy Court to amend her initial exemptions in order to claim an exemption for the redemption rights associated with her residence. The Bankruptcy Court approved the sale and denied her right to amend her exemptions. Brown appealed the sale order, challenging the denial of her right to assert an exemption over the sale proceeds held in escrow by the trustee. The Sixth Circuit determined that since it could address the issue of the exemption and the distribution of the sale proceeds without disrupting the sale, the sale was not mooted under § 363(m). *Id*. The scope of *Brown* is limited to situations where the appellate court can grant relief without impacting the sale. *Brown* does not allow a reviewing court to modify or set aside a closed sale of property to a good faith purchaser pursuant to Bankruptcy Code § 363(f). The two-pronged approach "is in line with the plain language of § 363(m), which prohibits reviewing courts from modifying or setting aside a sale of property purchased in good faith." *Id*.

The Pension Fund claims that it is not asking for the sale to be reversed or modified, but rather, it is asking that whatever rights it may have to pursue the purchaser as a successor company of the debtors be preserved. The Pension Fund acknowledges debtors' argument that a critical aspect of the sales is the transfer of

4

assets free and clear of all claims, liens, and encumbrances, and that the court may determine that the appeal is moot.  Yet, the Pension Fund contends that the "capable of repetition, yet evading review" exception to mootness applies. *Gator.Com Corp. v. L.L. Bean, Inc.*, 398 F.3d 1125, 1141 (9th Cir. 2005).  This exception is limited to situations in which (1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again.  *In re Sterba*, 383 B.R. 47, 51 (6th Cir. BAP 2008) (citing *Speer v. City of Oregon*, 847 F.2d 310, 311 (6th Cir. 1988)).  In order to fulfill the second prong of this test, an appellant must establish a "demonstrated probability that the same controversy will recur involving these same litigants." *Id*. (citing *Lee v. Schmidt-Wenzel*, 766 F.2d 1387, 1390 (9th Cir. 1985)). According to the Pension Fund, the Debtors have at least one additional asset that they will request the bankruptcy court's authority to sell pursuant to § 363 and there are currently other sale orders that are before this court on appeal.  They point out that the bankruptcy court opinion allowing the Debtors to sell their assets free and clear of any of the Pension Fund's successor and/or alter ego claims, is the law of the case.  Hence, if the Pension Fund is not afforded appellate review of the opinion, then any future sales in the bankruptcy proceedings will necessarily be

5

allowed by the Bankruptcy Court with the same provisions at issue here, based on the same reasoning as set forth in the opinion.

The parties' arguments implicate two doctrines: statutory mootness and Article III mootness. The Debtors' argument is primarily grounded in statutory mootness; that by operation of § 363(m), the appeals are moot because the Pension Plan failed to request and obtain a stay of the sale orders. This court agrees that § 363(m) mandates the conclusion that the appeals are moot. The Pension Fund seemingly agrees. *See e.g.*, Case No. 19-12952, ECF No. 9, PageID.531 ("The Pension Fund acknowledges that this Court may determine that this appeal is moot pursuant to Bankruptcy Code[] § 363(m)."). The sales at issue here have been completed and the Pension Fund admits that it did not seek a stay of the orders allowing the sales to go forward. Moreover, the Pension Fund does not identify what relief the court could grant without setting aside the sales, a course of action not permitted by *Brown* and which the Pension Fund expressly says it does not seek. Thus, the exception in *Brown* would appear not to apply here.

Instead, the Pension Fund says that a different exception to mootness – capable of repetition yet evading review – enables the court to review the bankruptcy court's decision on appeal. However, the Pension Fund overstates the breadth of this doctrine. Indeed, a review of the case law considering this exception to mootness suggests that it only applies to Article III mootness, not

6

statutory mootness. *See e.g.*, *In re Gardens Regional Hospital and Medical Center, Inc.*, 2018 WL 1229989 (C.D. Cal. 2018) (Exception to action capable of repetition yet evading review applies only to Article III mootness, not statutory mootness) (citing *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 160 (2016) ("Article III of the Constitution limits federal-court jurisdiction to 'cases' and 'controversies.'")).

Even if the subject doctrine were applicable here, the court finds that the Pension Fund fails to demonstrate how it is satisfied. In particular, the Pension Fund fails to address the first prong of the "capable of repetition, yet evading review" exception to mootness: whether "the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration." *Sterba*, 383 B.R. at 51. Given the Pension Fund's failure to address this necessary prong, the court finds that it is not satisfied. In reviewing the record, the court notes that the Pension Fund had anywhere from two days to several months between the date of the Bankruptcy Court's Orders approving the sales and the date the sales closed. Yet, it has offered the court no information about what, if anything, may have prevented it from seeking a stay during that time. Accordingly, this exception to mootness is inapplicable. *See McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a

party to mention a possible argument in the most skeletal way, leaving the court to ... put flesh on its bones.") (quoting *Citizens Awareness Network, Inc. v. United States Nuclear Regulatory Comm'n*, 59 F.3d 284, 293-94 (1st Cir. 1995) (citation omitted)); *see also Emerson v. Novartis Pharm. Corp.*, 446 Fed. Appx. 733, 736 (6th Cir. 2011) (quoting *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) (per curiam) ("'Judges are not like pigs, hunting for truffles' that might be buried in the record."). Notably, a "case is not considered to be capable of repetition yet evading review where a timely motion for a stay could have preserved the appeal." *In re McGregory*, 223 Fed. Appx. 530, 531 (8th Cir. 2007) (addressing equitable mootness) (citing *In re Smith*, 209 Fed. Appx. 607, 608 (8th Cir. 2006); *Iowa Prot. & Advocacy Servs. v. Tanager, Inc.*, 427 F.3d 541, 544 (8th Cir. 2005)).

Lastly, to the extent the Debtors raise the issue of equitable mootness, the court need not address this issue because the appeals will be dismissed on the basis of statutory mootness. *In re Propex, Inc.*, 432 B.R. 725, 741 (E.D. Tenn. 2010) ("Because this Court has determined that these bankruptcy appeals will be dismissed on the ground of statutory mootness pursuant to 11 U.S.C. § 363(m), it is unnecessary to reach the question whether the equitable mootness doctrine also bars these appeals.").

## III. CONCLUSION AND ORDER

In summary, the court concludes that statutory mootness based on § 363(m) bars the Pension Fund appeals, the "capable of petition yet evading review" exception to mootness does not apply to statutory mootness, and that even if this exception to mootness were applicable, the Pension Fund fails to satisfy its requirements. Accordingly, the motions to dismiss the appeals as moot are **GRANTED**.

**IT IS SO ORDERED**.

Date: March 12, 2021                    s/Stephanie Dawkins Davis
                                         Stephanie Dawkins Davis
                                         United States District Judge